UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WADE JORGENSON and LAURA JORGENSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV2192 CDP |
| DENISE BROWN, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Wade and Laurie Jorgenson allege that Denise Brown violated their constitutional rights by acting improperly in the investigation of a crime. The Jorgensons seek damages pursuant to 28 U.S.C. § 1983, as well as under state law theories of false arrest, false imprisonment, and loss of consortium. Now before me is Brown's motion to strike those portions of the complaint that concern Brown's alleged participation in grand jury proceedings. Because a grand jury witness' oath does not prohibit that witness from disclosing her testimony before the grand jury where, as here, the interests of justice so demand, I will deny Brown's motion to strike.

Brown contends that she can neither admit nor deny the allegations contained in paragraphs 37-39 of the complaint without violating the oath she took as a

witness before the grand jury. Paragraphs 37-39 of the complaint read as follows:

> 37. On inference, and therefore, on belief on or about April 19, 2004 Defendant Brown testified to the grand jury regarding the accusations against Plaintiff Wade Jorgenson.
>
> 38. On inference, and therefore, on belief in testifying to the grand jury Defendant Brown did not present all of the relevant information and/or mischaracterized the relevant information.
>
> 39. At the grand jury proceedings:
>     a. Plaintiff Wade Jorgenson was not a party;
>     b. Plaintiff Wade Jorgenson's adversary presided, and
>     c. The decision makers were lay persons who had before them only inaccurate and incomplete information.

Prior to her testimony before the grand jury, Brown was administered the oath required by Missouri law:

> Do you further solemnly swear, or affirm, that you will not after your examination here, directly or indirectly, divulge or make known to any person or persons the fact that this grand jury has or has had under consideration the matter concerning which you shall be examined, or any other fact or thing which may come to your knowledge while before this body, or concerning which you shall testify here, unless lawfully required to testify in relation thereto?

Mo. Rev. Stat. § 540.110. The statute further provides that any person who willfully violates this oath "shall be adjudged guilty of a class B misdemeanor." Mo. Rev. Stat. § 540.120.

This oath arises from the general rule that grand jury proceedings are to be kept secret, except as modified by statute. State v. McDonald, 119 S.W.2d 286,

2

288 (Mo. 1938). This secrecy is designed to protect the grand jurors themselves, promote full disclosure by witnesses, prevent escape of an individual indicted prior to arrest, prevent the subornation of perjury, and protect the reputations of persons against whom no indictment is found. Mannon v. Frick, 295 S.W.2d 158, 162 (Mo. 1956) (citation omitted).

The rule of secrecy, however, is not absolute. It has long been settled that the oath a grand jury witness takes does not prohibit that witness from participating in depositions. Ex parte Wellborn, 141 S.W.2d 31, 34 (Mo. 1911). A deponent is "lawfully required to testify" in his deposition, thus excepting him from the oath of secrecy. Id. Further, courts have recognized that "after the indictment is returned or the investigation ended, there is little or no reason for the continued rule of secrecy." Palmentere v. Campbell, 205 F.Supp. 261, 266 (W.D. Mo. 1962); Mannon, 295 S.W.2d at 163 ( "There remain, therefore, on principle, no cases at all in which, after the grand jury's functions are ended, the privilege of witnesses not to have their testimony disclosed should be deemed to continue.") (citation omitted) (emphasis in original).

In general, exceptions to the rule of grand jury secrecy require a trial court to weigh the reasons for secrecy against the present need for disclosure. Mannon, 295 S.W.2d at 164. In Mannon, the plaintiff challenged the trial court's admission of

testimony from a grand jury proceeding concerning the identification of copies of two receipts, the originals of which had been presented to the grand jury but subsequently lost, along with the testimony of a witness that in his opinion the plaintiff's signature on one of the receipts was genuine. The Missouri Supreme Court upheld that admission of this evidence, reasoning that there was no urgent secrecy that would prevent its disclosure, nor did it require the repetition of any oral testimony given before the grand jury. Id.

In State v. McGee, 757 S.W.2d 321, 326 (Mo. Ct. App. 1988), the Missouri Court of Appeals reached a different result. In McGee, a defendant appealed his conviction on the grounds that his inability to access the testimony of the grand jury witnesses deprived him of a means of impeaching those same witnesses during his trial. The Court of Appeals rejected this challenge for several reasons. First, the Court noted that three grand jurors had attended the defendant's trial with specific instructions from the trial court to listen for inconsistencies in the witnesses' testimony. Second, the Court observed that the defendant could have called these grand jurors to testify, but did not. In sum, the Court concluded that the disclosure of grand jury testimony was not "necessary to meet the ends of justice," and thus the trial court had not abused its discretion by denying the defendant's request. 757 S.W.2d at 325-26.

After reviewing the complaint and the parties' briefs in this case, I find that the reasons for protecting the secrecy of Brown's grand jury testimony do not outweigh the present need for disclosure. Most notably, the majority of the allegations in paragraphs 37-39 have already been made public. Upon Wade Jorgenson's arrest in December, 2004, the indictment against him was made public. See Mo. Rev. Stat. §§ 540.080, 540.090. This indictment listed the names of all material witnesses. Mo. Rev. Stat. § 540.070. Thus, Brown's appearance as a witness before the grand jury and the subject matter of her testimony is no longer secret. See State ex rel. Clagett v. James, 327 S.W.2d 278, 281 (Mo. 1959).

Brown nevertheless claims that justice does not require the disclosure of her testimony before the grand jury because such testimony cannot, as a matter of law, support her claims. While I agree with Brown that she is absolutely immune from civil liability for her testimony before the grand jury, Briscoe v. LaHue, 460 U.S. 325, 326 (1983), I do not believe this immunity supports her claimed privilege from discovery in the present case. In fact, the availability of absolute immunity further supports the disclosure of Brown's grand jury testimony. Grand jury secrecy was designed, in part, to ensure full disclosure by all witnesses appearing before the grand jury. Mannon, 295 S.W.2d at 162. This, of course, is the same rationale which entitles police officers to absolute immunity from civil damages for any

5

testimony they provide.  See Briscoe, 460 U.S. at 336, n. 15.  Thus, Brown's absolute immunity ensures that the disclosure of her grand jury testimony in this case will not adversely affect her desire to be forthcoming in future grand jury proceedings.

Moreover, the present need for disclosure exists notwithstanding the fact that Brown's statements before the grand jury cannot support any of the Jorgensons' claims for civil damages.  The gravamen of the Jorgensons' complaint is that Wade Jorgenson's arrest and month-long incarceration were the product of Brown's failure to conduct her criminal investigation in a manner consistent with that of a reasonably competent officer.  In order to prove causation, and thus pin all of their damages on the actions or inactions of Brown, the Jorgensons must demonstrate that the warrant, indictment, arrest, and resulting incarceration were the product of Brown's allegedly inadequate investigation.  Thus, the proceedings before the grand jury are relevant to show that Brown's investigation, and not any other evidence, resulted in the indictment, arrest, and resulting damages to the Jorgensons.

In sum, under the circumstances presented in this case and in the interests of justice, I conclude that the oath Brown took before the grand jury does not prohibit her from responding to the allegations presented in the Jorgensons' complaint, and, in the future, does not prohibit her from answering any questions propounded in

discovery.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Denise Brown's motion to strike paragraphs 37-39 of the complaint [# 9] is denied. Brown is hereby ordered to answer paragraphs 37-39 of the complaint.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2006.